UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CASE NO: 5:08-CV-37-RLV-DCK

| | |
|---|---|
| JAMES A. GUNNINGS, SR., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | MEMORANDUM AND |
| ) | RECOMMENDATION |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER IS BEFORE THE COURT** upon the Defendant Commissioner's "Motion to Dismiss Plaintiff's Complaint" (Document No. 5) filed on July 10, 2008. Plaintiff opposes the motion. The motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b) and is ripe for review. After careful consideration of the record, including the parties' briefs and applicable authority, the undersigned recommends that the Commissioner's motion be **granted** for the following reasons:

### I. Issue Before the Court

The Plaintiff, through counsel, filed an untimely request for judicial review of an unfavorable administrative decision on Plaintiff's application for disability benefits. Defendant moves to dismiss the complaint as untimely, and Plaintiff asks for equitable tolling. The dispositive issue before the Court is whether the sixty day limitations period should be equitably tolled in order to deem the late-filed complaint timely.

### II. Background

On September 9, 2006, an Administrative Law Judge ("ALJ") issued a decision denying Plaintiff's claim for a period of disability and Disability Insurance Benefits and Social Security

Income. On February 22, 2008, the Appeals Council denied Plaintiff's request for review, thereby making the ALJ's decision the final decision of the Commissioner. 20 C.F.R. § 404.955, 404.981 (2008). Written notice was mailed to the Plaintiff, informing him that the Appeals Council had denied review of the ALJ's decision. Notice was sent to Plaintiff's home address, with a copy to Plaintiff's counsel. (Document No. 6-2, ¶ 3a). In the notice, the Appeals Council specifically informed both the Plaintiff and his counsel that:

> We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period. If you cannot file for court review within 60 days, you may ask the Appeals Council to extend your time to file. (Document No. 6-2, p. 16).

The Appeals Council notice further advised that "[y]ou must make the request in writing and give your reason(s) in the request." (*Id*.). The Commissioner indicates that Plaintiff had until April 28, 2008 to file, as the actual due date of April 27, 2008 was a Sunday. (Document No. 6, p.1, fn. 2).

Plaintiff did not timely ask for an extension of time. Plaintiff, through counsel, filed his complaint for judicial review in this Court on May 8, 2008. (Document No. 1). The Commissioner moved to dismiss the complaint as untimely. (Document No. 5). Plaintiff then sought an extension of time from the Appeals Council on July 22, 2008. On August 26, 2008, the Appeals Council denied the motion for additional time.

### III. Analysis

The Social Security regulations establish that a claimant may seek judicial review within sixty days of the presumptive date of receipt of notice of the Appeals Council decision. The regulations provide a rebuttable presumption that receipt of notice occurs "5 days after the date of such notice, unless there is a reasonable showing to the contrary." 20 C.F.R. § 422.210(c). Here, the presumptive date of receipt of the notice was five days after February 22, 2008. Plaintiff had

sixty (60) days from that presumptive date to seek judicial review in federal court. 42 U.S.C. § 405(g). The Defendant Commissioner indicates that Plaintiff had until April 28, 2008 to seek judicial review, but that Plaintiff did not file his complaint until May 8, 2008.

The United States Supreme Court has explained that Congress intended § 405(g) "to impose a 60-day limitation upon judicial review of the Secretary's final decision on the initial claim for benefits." *Califano v. Sanders*, 430 U.S. 99, 108 (1977); 42 U.S.C. § 405(g). "[T]he statute of limitations embodied in § 405(g) is a mechanism by which Congress was able to move cases to speedy resolution in a bureaucracy that processes millions of claims annually." *Bowen v. City of New York*, 476 U.S. 467, 481 (1986). The sixty-day time limit is a statute of limitations that constitutes a "condition on the waiver of sovereign immunity, and thus it must be strictly construed." *Id.* at 479.

Plaintiff did not seek judicial review within sixty days of the presumptive date for receipt of notice. 20 C.F.R. § 422.210(c). Counsel candidly acknowledges that the complaint was filed late due to "a breakdown in the calendaring system." (Document No. 12, p. 4). He indicates that although he sent the draft complaint to his client on April 18, 2008, the computer "removed the deadline from the calendaring system." (Document No. 12, p. 3). Plaintiff's counsel points out that the delay in filing was less than two weeks and asserts that the Commissioner was not prejudiced thereby. Plaintiff argues that the Commissioner has delayed this case by more significant periods of time at various administrative stages.

The Commissioner replies that an error in an attorney's office calendaring system is not an extraordinary circumstance justifying equitable tolling. See, e.g., *Gayle v. United Parcel Service, Inc.*, 401 F.3d 222, 227 (4th Cir. 2005) (mistakes by attorneys do not justify equitable tolling); *Gibbs v. Barnhart*, 2005 WL 283205, *1 (W.D. Va. February. 7, 2005) (attorney error resulting in

delayed filing did not justify equitable tolling). The Commissioner contends that equitable tolling is only applied in rare cases, for instance where a claimant is misled into allowing the sixty-day deadline to pass by misconduct on the part of the Defendant. No misconduct is alleged here. While the undersigned appreciates counsel's candor, the case law indicates that equitable tolling is not warranted under the present circumstances. See, e.g., *Sparks v. Astrue*, 2009 WL 174942, *1 -2 (W.D.Ark.) (finding that no misconduct deterred timely filing, and thus, finding no basis for equitable tolling).

The United States Supreme Court has held that the sixty-day period of limitation specified in section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), will be tolled by the Commissioner or the courts only in "rare" cases. *Bowen*, 476 U.S. at 481; and see, e.g., *Parker v. Astrue*, 2008 WL 2746727, *2 (W.D. Va. July 15, 2008) (observing that equitable tolling is rarely applied). The Commissioner has already declined to toll the period of limitations here.

Although the undersigned is sympathetic to the Plaintiff's situation, the record does not reflect sufficient reason to find a basis for equitable tolling by the Court. The Commissioner points out that courts will extend the limitations period only "where the equities in favor of tolling the limitations period are 'so great that deference to the agency's judgment is inappropriate.'" *Bowen*, 476 U.S. at 480 (quoting *Mathews v. Eldridge*, 424 U.S. 319, 330 (1976)).

In addition, Plaintiff has offered no justification for not requesting an extension of time from the Commissioner prior to the filing of the motion to dismiss. As the Appeals Council's notice explained in plain language, the Plaintiff and/or his counsel could have requested an extension of time before seeking judicial review. The Appeals Council will grant (for "good reason") a request for extensions of time to file a civil action as specified in 42 U.S.C. § 405(g) and in 20 C.F.R. § 422.210. In conclusion, the Plaintiff's complaint for judicial review was untimely and should be

dismissed.

**IT IS, THEREFORE, RECOMMENDED** that the Defendant Commissioner's Motion to Dismiss (Document No. 5) should be **GRANTED.**

Signed: August 6, 2009

David C. Keesler
United States Magistrate Judge