**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL DOCKET NO.: 5:08CV37**

| | |
|---|---|
| JAMES A. GUNNINGS,<br>   Plaintiff,<br><br>   v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner, Social Security<br>Administration,<br>   Defendant. | )<br>)<br>)<br>)  **Memorandum & Order**<br>)<br>)<br>)<br>)<br>)<br>) |

**THIS MATTER** is before the Court on the Defendant's Motion to Dismiss Plaintiff's Complaint pursuant to 42 U.S.C. §405(g). (Document #5)

Pursuant to 28 U.S.C. § 636(b)(1)(B) and the standing order of designation, this Court referred the aforesaid motion to United States Magistrate Judge David C. Keesler for recommended disposition. In an opinion filed on August 6, 2009, the magistrate judge recommended that the Defendant's (hereinafter the "Commissioner") motion be granted and the decision of the Commissioner be affirmed. (M & R at 5.) The Plaintiff filed objections to the "Memorandum & Recommendation" on August 19, 2009. (Document #15) Plaintiff's filing is deemed timely and the specific objection raised by Plaintiff is considered herein.

**I.**

The Federal Magistrate Act provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983); Keeler v. Pea, 782 F.Supp. 42, 43 (D.S.C. 1992). *De novo* review is not required by the statute when an objecting party makes only general or conclusory objections that do not direct the court to the specific error

in the magistrate judge's recommendations. Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Further, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the Court has conducted a careful review of the "Memorandum & Recommendation" as well as a *de novo* review of the statute of limitations issue specifically raised in Plaintiff's objections.[1]

## II.

Despite failure to comply with the statutory limitations period, Plaintiff asks the Court, in its discretion, to employ the doctrine of equitable tolling and reach the merits of his appeal. *See* 42 U.S.C. §405(g).[2] Thus, the sole issue before this district court is whether the statute of limitations for seeking judicial review should be equitably tolled where counsel for the Plaintiff acknowledges that the Complaint was filed late due to "a breakdown in the calendaring system" within counsel's office. (Document #12 at 3-4.)

The Court first notes that although Section 405(g) has been determined to be non-jurisdictional, as a condition on the waiver of sovereign immunity, it "must be strictly construed."

---

[1] The undersigned notes that the district court's review of the Commissioner's decision is limited to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971), and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

[2] Section 405(g) reads:

Any individual, after any final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, *may* obtain a review of such decision by a civil action commenced ***within sixty days*** after the mailing to him of notice of such decision ***or within such further time as the Commissioner may allow***.

42 U.S.C. §405(g)(emphasis added).

Bowen v. City of New York, 476 U.S. 467, 479 (1986). In addition, the Supreme Court has made clear that, while equitable tolling is consistent with Congress' intent in enacting 42 U.S.C. §405(g):

> "[I]n most cases the Secretary will make the determination whether it is proper to extend the period within which review must be sought, cases may arise where the equities in favor of tolling the limitations period are "so great that deference to the agency's judgment is inappropriate."

Bowen, 476 U.S. at 480 (equities in favor of tolling compelling where the Government's secretive conduct prevented plaintiffs from learning about violation of rights). The regulations that guide the Secretary's decision are based on fairness and include considerations such as illness, accident, destruction of records, mistake, a misunderstanding of the appeals process, an inability to collect necessary information, or where the Secretary undertakes action that "misleads" the claimant concerning his right to review. Bowen, 476 U.S. at 480 n. 12 (internal citations omitted).

In the Court's view, there is no sound basis for rendering the agency's judgment inappropriate. "[T]he principles of equitable tolling ... do not extend to what is at best a garden variety claim of excusable neglect." Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)). Rather, circumstances warranting the type of equitable relief sought here, namely, creating an exception to strict enforcement of a statutory deadline, are rare. *See e.g.,* Bowen, 476 U.S. at 481 ("Tolling, in the *rare* case such as this, does not undermine the purpose of the 60-day limitations period ..."); Parker v. Astrue, 2008 WL 2746727, *2 (W.D.Va. July 15, 2008).

In a similar context, the Fourth Circuit unequivocally rejected attorney negligence as the sole basis for equitable tolling. Gayle v. United Parcel Serv., Inc., 401 F.3d 222, 227 (4th Cir.2005) (ERISA limitations period for appeal) (*citing* Link v. Wabash R.R. Co., 370 U.S. 626, 633-34 (1962)) ("We think that attorney negligence-including allowing a client's case to fall through the cracks-is even less an extraordinary circumstance.") The Gayle panel then explained that equitable

3

tolling has been permitted (i) "where the claimant has actively pursued his judicial remedies by filing a defective pleading during[] the limitations period"; and (ii) "where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." Gayle, 401 F.3d at 226. Such is not the case here. These circumstances are simply not extraordinary and, therefore, do not justify equitable tolling.[3]

### III.

The Court concurs with the findings of fact and conclusions of law specified in the "Memorandum & Recommendation" filed on August 6, 2009, and hereby incorporates those findings and conclusions.

**IT IS, THEREFORE, ORDERED** that the Commissioner's Motion to Dismiss is hereby **GRANTED**.

Signed: May 6, 2010

Richard L. Voorhees
United States District Judge

---

[3] The Commissioner's delay in disposing of Plaintiff's disability claim is unfortunate but does not require the Court to provide the agency with any less deference.